GRABER, Circuit Judge,
dissenting:
I respectfully dissent because, in my view, the Commissioner’s decision employs the correct legal standard and is supported by substantial evidence. See Reddick v. Chater, 157 F.3d 715, 720 (9th Cir.1998) (describing our standard of review).
The administrative law judge (“ALJ”) permissibly rejected the most restrictive of the “check-box” assessments of Claimant’s limitations by her treating physicians. There were five treating physicians whose conclusions ranged from functional limitations “not applicable,” to capable of sedentary work, to severe limitations. In that circumstance, the ALJ had to examine the underlying medical records, and he appropriately relied heavily on (but did not agree entirely with) the views of a medical expert. The ALJ considered all the evidence and permissibly weighed it. For the same reason, the ALJ properly evaluated Claimant’s residual functional capacity.
*620 The ALJ specifically found that Claimant’s impairments neither meet nor equal a listed impairment. The ALJ’s opinion gives sufficient reasons for review, and those reasons find support in the record.
The ALJ permissibly rejected lay testimony provided by Claimant’s daughter. The ALJ gave a germane reason, namely, that the daughter’s opinion as to the level of her mother’s disability was inconsistent with Claimant’s range of activities.
The ALJ permissibly discounted Claimant’s reporting of the extent of her limitations, relying on its inconsistency with other evidence and Claimant’s repeated failure to follow recommended medical treatments. The ALJ also noted Claimant’s range of activities, including driving a car, performing some household chores, vacationing in the Bahamas, and caring for grandchildren.